## Commonwealth v. Kline

*J. Colvin Wright*, for appellant.
*John N. Minnich*, for Commonwealth.

JAMES, P. J., January 9, 1936.—This proceeding is based upon a petition filed by the defendant alleging that on May 14, 1935, he received a notice from the Secretary of Revenue of withdrawal of his privilege to operate a motor vehicle in Pennsylvania, effective on that date. By this notice the defendant was ordered to return his operator's license to the department immediately.

The cause of complaint was: "Failure to file proof of financial responsibility, section 7, Act 110, approved May 15, 1933. Suspension pending receipt of approval of financial responsibility . . . privilege cannot be restored unless and until you have furnished proof of financial responsibility. . . ."

The defendant alleged in his petition that he had never been convicted of any crime and had done nothing which would authorize the revocation or suspension of his operator's license, and that he had done nothing which would authorize requiring proof of his financial responsibility. The defendant, in the nature of an appeal to the court, requested the court to hear the matters involved.

The court fixed a time for hearing, of which the defendant gave the Secretary of Revenue 30 days' notice as provided by The Vehicle Code of May 1, 1929, P. L. 905, as amended. At the hearing in court the Commonwealth offered the record of the testimony taken at Altoona by the representative of the Department of Revenue concerning the alleged infractions of the law by the defendant, together with copies of all notices sent to the defendant by the department, the replies thereto by

the defendant and all written matters in the possession of the department, to which the defendant objected on the grounds that the hearing in court is de novo and that it is the duty and burden of the Commonwealth to produce witnesses in court to convince the court that the defendant has been guilty of a violation of law within the provisions of section 615 of The Vehicle Code, supra, as amended by the Act of June 22, 1931, P. L. 751.

The Commonwealth replied that the court should take into consideration the record of the Department of Revenue for the purpose of determining whether the Secretary of Revenue in his discretion was justified in requiring of the defendant proof of financial responsibility before his operator's license should be restored. The Commonwealth also stated to the court that if the court is of the opinion that the Secretary of Revenue, in the exercise of his discretion, was justified in making this ruling, the appeal should be dismissed for the reason that no appeal is allowed under the Uniform Automobile Liability Security Act of May 15, 1933, P. L. 553.

The Commonwealth contends that the petition upon which this appeal is based is insufficient because it does not bring up the record from the Department of Revenue. The defendant contends that as the hearing is de novo it is not necessary to bring up the record and the transcript of testimony taken by the Secretary of Revenue upon which the secretary based his decision.

Section 616 of The Vehicle Code, as amended by the Act of 1931, supra, provides that where the operator's license has been suspended by the secretary the operator shall have the right to file a petition within 30 days thereafter for a hearing, and it shall be the duty of the court to set the matter down for hearing upon 30 days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license under the provisions of the act.

We construe this section to mean that the hearing in

court is de novo, for the reason that the court is required to take testimony. The court is therefore not permitted to confine the case on appeal to a review of the testimony taken before the secretary so as to determine whether or not the secretary exceeded his authority or rendered a capricious decision. If the right of appeal exists we must therefore hold a hearing de novo.

The Commonwealth contends that the appeal should be dismissed because section 7 of the Uniform Automobile Liability Security Act, supra, does not provide the right of appeal. This section reads as follows:

"Proof of Financial Responsibility Required When Operator's License or Operating Privilege Has Been Revoked or Suspended, or Becomes Subject to Revocation or Suspension.—Whenever the secretary shall revoke or suspend an operator's license or shall suspend the operating privilege of a nonresident for violation of the laws regulating the operation of motor vehicles on the highways, as may now or hereafter be provided by law, such license or operating privilege shall not be renewed unless and until the former holder of the license or privilege has furnished proof of financial responsibility; and whenever the secretary for any such violation has the right in his discretion to revoke or suspend an operator's license or the operating privilege of a nonresident but is disposed in the exercise of his discretion not to do so, he may, nevertheless, suspend such license or operating privilege until the holder thereof has furnished proof of financial responsibility."

The Secretary of Revenue cannot invoke the authority provided in this section until after he has determined that the defendant violated the law regulating the operation of motor vehicles. The secretary may then either suspend or revoke the license, or in lieu thereof he may require proof of financial responsibility, but he cannot require proof of financial responsibility unless he has the right to suspend or revoke the license for some violation of the law. The only law applicable to the question

of violations is The Vehicle Code, as amended by the Act of 1931, hereinbefore recited.

This appeal was not taken under the Uniform Automobile Liability Security Act. It was taken under The Vehicle Code, as amended by the Act of 1931. By this appeal the defendant claims that the Secretary of Revenue did not have the right to suspend his license, alleging that the defendant never violated the law and has done nothing to justify the suspension.

When the right of the Secretary of Revenue to revoke or suspend a license is once established, the secretary may require proof of financial responsibility, and it would not be necessary to provide for an appeal from the decision of the secretary as to the requirement of furnishing financial responsibility, as his right to require proof of financial responsibility would be already established and made conclusive upon the establishment of his right to suspend or revoke. Therefore the appeal should properly be taken under the amending Act of 1931 so as to enable the court to determine whether or not the secretary had the right to suspend. The Act of 1931 is the basis upon which action by the secretary under the Uniform Automobile Liability Security Act must be taken.

We must differ with the opinion in the case of Commonwealth v. Frazier, 24 D. & C. 362, in which the Court of Common Pleas of Allegheny County held:

"The Commonwealth contends that the Uniform Liability Security Act is not an amending act or it would have been so indicated, that the authority relied upon by the Secretary of Revenue in this particular case is an additional authority intrinsically necessary to give force and effect to the Uniform Liability Security Act itself, and that it must be construed as an integral part of that act without regard to any other. The court shares this opinion and this appeal will therefore be dismissed."

We are of the opinion that action by the Secretary of Revenue under the Uniform Automobile Liability Security Act cannot be taken without regard to action under

The Vehicle Code, as amended by the Act of 1931, and notwithstanding the fact that the Uniform Automobile Liability Security Act does not provide for an appeal, the right of appeal under the Act of 1931 still exists, and that no proof of financial responsibility can be required unless it first appears that the right of the Secretary of Revenue to suspend or revoke has been determined under the Act of 1931, from which exercise of right an appeal lies. We therefore must refuse to quash the appeal.

## Decree

Now, January 9, 1936, upon consideration of this case the petition for an appeal is sustained and further hearing is granted. January 20, 1936, at 10 o'clock a.m. is fixed as the time for further hearing. Exception to this opinion and decree granted the Commonwealth.

From Alvin L. Little, Bedford.